UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHN E. MANNERY, JR.,

        Plaintiff,

    v.                                      Case No. 22-cv-547-bhl

CITY OF MILWAUKEE, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff John E. Mannery, who is currently serving a state prison sentence at the Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Mannery's motion for leave to proceed without prepaying the full filing fee, request to submit a supplement, motion for extension of time to pay the initial partial filing fee, and to screen the complaint. Dkt. Nos. 1-2, 7, & 9.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Mannery requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Mannery filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2). He was assessed and timely paid an initial partial filing fee of $2.34. The Court will grant Mannery's motion for leave to proceed without

prepaying the filing fee and will deny as moot his motion for an extension of time to pay the initial partial filing fee.

## REQUEST TO SUBMIT A SUPPLEMENT

On May 10, 2022, Mannery submitted a "supplement." Dkt. No. 7. He asks the Court to "attach these exhibits to the complaint." *Id*. The supplement is eight pages and consists of a Milwaukee Police Department Incident Report related to Mannery's April 29, 2016 arrest and several "open records" requests related to his arrest. Dkt. No. 7-1. The Court will grant the request to supplement and will consider the exhibits when screening the complaint. *See Reed v. Vasquez*, 748 F. App'x 62, 64 (7th Cir. 2019) (affirming dismissal of a *pro se* prisoner's complaint because "the documents attached to complaint reflect that he cannot state a claim against the prison officials."); *see also Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) (explaining that the Rule 12(b)(6) standard "includes exhibits attached to the complaint or documents referenced in the pleading if they are central to the claim."); *see also Lindell v. Huibregtse*, 205 F. App'x 446, 449 (7th Cir. 2006) ("Because these documents were attached as exhibits to his complaint, they are deemed to be a part of the complaint and were properly considered by the district court at the screening stage.").

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of

Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must at least provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

### ALLEGATIONS OF THE COMPLAINT AND THE SUPPLEMENT

On April 29, 2016, Milwaukee Police Officers Michael Braunreiter and Librado Bracero arrested Mannery at around 5:32 p.m. on 3725 W. Wright Street in Milwaukee, Wisconsin. Dkt. No. 1, ¶¶1-4. Braunreiter and Bracero conducted a "wanted check" of Mannery in the police database and told him that there was a notation for a "temporary felony warrant" in his name at the Milwaukee Police Department. *Id.*, ¶5. Braunreiter and Bracero then arrested Mannery and took him to central booking. *Id*. Mannery states that he later filed several "open records" requests related to his April 29, 2016 arrest. *Id*. Through the open records requests, he acquired the Milwaukee Police Department Incident Report related to the April 29, 2016 arrest. *Id*.

According to the incident report, Braunreiter and Bracero were patrolling an intersection in Milwaukee in a marked squad car on April 29, 2016. Dkt. No. 7-1 at 2. They ran the plates of a silver truck through the Department of Transportation (DOT) database and discovered that the plate actually belonged to a red truck. *Id*. Given this discrepancy, they conducted a traffic stop of the silver truck. *Id*. The driver identified himself as John E. Mannery. *Id*. The officers then ran Mannery's name through the police database. *Id*. They discovered a notation in the police database for a "temporary felony warrant" in his name related to a human trafficking case in which a minor child reported that she met Plaintiff on or about June 1, 2015 and began engaging in

3

"prostitution dates" for several months thereafter, organized by Mannery in Milwaukee and Chicago. *Id*. The officers then arrested him. *Id*.

According to the Wisconsin Circuit Court Access (CCAP) website, a jury found Mannery guilty of five felonies stemming from the June 1, 2015 incident: (1) Trafficking of a Child; (2) Soliciting a Child for Prostitution; (3) Child Enticement-Prostitution; (4) Human Trafficking; and (5) Child Abuse-Intentionally Cause Harm. *State of Wisconsin v. John Earl Mannery*, WISCONSIN CIRCUIT COURT ACCESS, https://wcca.wicourts.gov/caseDetail.html?caseNo=2016CF001896&countyNo=40&index=0&mode=details#charges (last visited June 21, 2022). CCAP lists the "offense date" for all five felonies as "06-01-2015." *Id*. Mannery is still incarcerated for these felonies.

Mannery states that, although he was able to acquire a copy of the police incident report through open records requests, he was never able to get a copy of the actual "temporary felony warrant" through open records requests. Dkt. No. 1 at 3; *see also* Dkt. No. 7 at 7-8. According to the supplemental materials he submitted, neither the Milwaukee County Clerk of Court nor the Milwaukee Police Department has a copy of the felony arrest warrant in their current files. Dkt. No. 7 at 3, 7-8. Mannery states that he was arrested on "false pretenses" and that there was never a felony warrant out for his arrest on April 29, 2016. Dkt. No. 1 at 3. For relief, he seeks monetary damages.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Mannery seeks to proceed with a Fourth Amendment unlawful arrest claim. Dkt. No. 1 at 3. To state a claim for unlawful arrest under §1983, Mannery must plead facts that indicate that his arrest was made without probable cause. *Jones by Jones v. Webb,* 45 F.3d 178, 181 (7th Cir. 1995). A police officer has probable cause to arrest if, at the time of the arrest, the facts and circumstances within the officer's knowledge are sufficient to permit a prudent person to believe that the suspect had committed, is committing, or is about to commit an offense. *See Rooni v. Biser*, 742 F.3d 737, 740 (7th Cir. 2014). Probable cause is an absolute defense to a §1983 claim for unlawful arrest. *Id.*; *see also Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017) ("Probable cause acts as an absolute bar to a claim for false arrest.")

Generally, a person arrested pursuant to a facially valid warrant cannot prevail in a §1983 suit for unlawful arrest even if the arrest warrant is later determined to have an inadequate factual foundation. *Baker v. McCollan*, 443 U.S. 137, 143 (1979). But there is a recognized exception for situations where a warrant was obtained through false representations to the issuing authority or by officers who recklessly disregarded the truth in order to secure the warrant. *See Malley v. Briggs*, 475 U.S. 335, 345 (1986); *Olson v. Tyler*, 771 F.2d 277, 281 (7th Cir. 1985). To state a claim, Mannery must allege that either the warrant was facially invalid or that the officers who made the arrest knew that the warrant had been issued without probable cause. *Williamson v. Curan*, 714 F.3d 432, 443–44 (7th Cir. 2013); *see also Juriss v. McGowan*, 957 F.2d 345, 350–51 (7th Cir. 1992).

The allegations in Mannery's complaint fail to state a claim upon which relief can be granted. Mannery alleges that Braunreiter and Bracero arrested him without probable cause on April 29, 2016. But the incident report Mannery attached as an exhibit to the complaint confirms the police database indicated he was then the subject of a temporary felony warrant for human

5

trafficking. Mannery provided the incident report confirming this himself, and the Court has no reason to question the accuracy of the report or the information provided within it. Given this temporary felony warrant, as confirmed by the incident report, Braunreiter and Bracero had probable cause to arrest Mannery at the time. Under established law, this is true even if it later turned out that warrant should not have issued. *See Baker*, 443 U.S. at 143.

Moreover, even assuming Mannery is correct that the temporary felony warrant did not actually exist at the time of his arrest, and his record was mistaken, he has not alleged that Braunreiter and Bracero *knew* that the temporary felony warrant notation in the police database was false. By all accounts, Mannery concedes that the officers ran his plates while conducting routine patrol duty; they pulled him over when they saw a discrepancy in the registration; they ran his name in the police database; and they found a notation for felony arrest warrant, which they assumed was valid. Mannery does not allege that the officers intentionally targeted him to make a false arrest, that they pulled him over under false pretenses, or that they knew the temporary felony warrant noted in the police database was false. Mannery does not allege facts suggesting the officers had any basis not to genuinely believe that there was a warrant out for his arrest. Thus, whether or not a facially valid arrest warrant actually existed on April 29, 2016, Braunreiter and Bracero had probable cause to arrest him. Based on the allegations in the complaint, Mannery does not state a Fourth Amendment unlawful arrest claim.

The Court notes that Mannery's Fourth Amendment claim is also likely barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and Wisconsin's statute of limitations. "*Heck* bars a plaintiff's suit under § 1983 where 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence' unless the plaintiff can show that the conviction or sentence has already been invalidated." *Easterling v. Siarnicki*, 435 F. App'x 524, 526 (7th Cir. 2011) (citations

omitted). The Seventh Circuit has long held that a claim of unlawful arrest, standing alone, does not necessarily implicate the validity of a criminal prosecution following the arrest. *Simpson v. Rowan*, 73 F.3d 134, 136 (7th Cir. 1995). But *Heck* bars a claim of false arrest if the arrest and prosecution were based on the same evidence. *See Wiley v. City of Chicago*, 361 F.3d 994, 997 (7th Cir. 2004). Here, the felony arrest warrant described in the police database and Mannery's state-court convictions both appear to stem from his victim's interview report. In fact, the supplemental documents that Mannery attached to his complaint specifically note that the temporary felony warrant was based on an interview with a minor "who stated that on or about June 1st, 2015 she met [Mannery]…" *See* Dkt. No. 7-1 at 2. That interview also formed the basis for the State's case against Mannery. The arrest and prosecution were, therefore, based on the same evidence, which means, if Mannerly were to prevail on his §1983 claim, he would improperly implicate the validity of his state court conviction in contravention of *Heck*. And Mannery does not allege that he has overturned any of his five felony convictions. So, unless Mannery was released following the April 29, 2016 arrest then re-arrested with a different felony arrest warrant, this lawsuit is likely *Heck* barred.

Similarly, this lawsuit is also likely barred by the six-year statute of limitations that governed §1983 claims at the time of Mannery's arrest. *See D'aquisto v. Love*, No. 20-C-1034, 2020 WL 5982895, at *1 (E.D. Wis. Oct. 8, 2020) (explaining that in 2018 the Wisconsin legislature changed the statute of limitations under Wis. Stat. §893.53 from six years to three years). Mannery's claim accrued when he was arrested on April 29, 2016. Mannery did not file this lawsuit until more than six years later on May 6, 2022. Again, unless Mannery was released at some point after May 6, 2016 because a state court judge determined that there was no probable

7

Case 2:22-cv-00547-BHL   Filed 06/22/22   Page 7 of 10   Document 10

cause to hold him based on other evidence, this lawsuit is also likely time-barred. *See Malone v. Corrections Corp. of America*, 553 F.3d 540, 542 (7th Cir. 2009).

Finally, Mannery fails to state valid claims against the City of Milwaukee and the Milwaukee Police Department. The Milwaukee Police Department is not an entity separate from the city it serves, so it is not a proper defendant in this case. *See Averhart v. City of Chicago*, 114 Fed. Appx. 246, 247 (7th Cir. 2004) (explaining that a police department is not a suable entity separate from the city). As for the City of Milwaukee, a municipality can only be held liable under §1983 for a constitutional violation that "resulted from a municipal policy, custom, or practice." *Waters v. City of Chicago*, 580 F.3d 575, 580 (7th Cir. 2009). This requires a plaintiff to show "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Id.* at 581. Mannery's complaint does not identify any policy, custom, or practice imposed by the City of Milwaukee that violated his civil rights. The complaint therefore fails to state a claim upon which relief can be granted and the Court will dismiss it.

District courts must generally give civil *pro se* plaintiffs at least one opportunity to amend their complaint. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021). If Mannery wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. The Court is enclosing a guide for *pro se* prisoners that explains how to file an amended complaint that the Court can effectively screen. The Court also will include a blank prisoner amended complaint form. The Court will require Mannery to use that form to file his amended complaint. *See* Civil L. R. 9 (E.D. Wis.). If Mannery believes he needs more space than

is available on the prisoner amended complaint form, he may attach a *maximum* of five typed, double-spaced pages. The amended complaint should be no more than <u>ten</u> pages total.

Mannery is advised that the amended complaint must bear the docket number assigned to this case. The amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If Mannery files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Mannery does not file an amended complaint, the Court will dismiss this case.

## CONCLUSION

**IT IS HEREBY ORDERED** that Mannery's motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **GRANTED**; and his motion for extension of time to pay the initial partial filing fee (Dkt. No. 9) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** because it fails to state a claim. Mannery may file an amended complaint that complies with the instructions in this order by **July 22, 2022**. If Mannery files an amended complaint by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If Mannery does not file an amended complaint by the deadline, the Court will dismiss this case.

The Court includes with this order a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" and a blank prisoner amended complaint form.

**IT IS FURTHER ORDERED** that the agency having custody of Mannery shall collect from his institution trust account the $347.66 balance of the filing fee by collecting monthly payments from Mannery's prison trust account in an amount equal to 20% of the preceding

month's income credited to Mannery's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Mannery is transferred to another institution, the transferring institution shall forward a copy of this Order along with Mannery's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing with the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Mannery is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on June 22, 2022.

s/ <em>Brett H. Ludwig</em><br>
BRETT H. LUDWIG<br>
United States District Judge