UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHN E. MANNERY,

        Plaintiff,

        v.                                                                                     Case No. 22-cv-547-bhl

CITY OF MILWAUKEE, et al.,

        Defendants.

---

# ORDER

---

Plaintiff John E. Mannery, who is confined at the Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that Defendants violated his Fourth Amendment rights in connection with his April 29, 2016 arrest. Dkt. No. 1. On June 22, 2022, the Court screened and dismissed the original complaint for failure to state a claim. Dkt. No. 10. The Court concluded that Mannery failed to allege facts from which the Court could reasonably infer that Defendants Michael Braunreiter and Librado Bracero arrested him without probable cause. *Id*. at 5-6. Mannery had attached exhibits to his original complaint which showed that Braunreiter and Bracero arrested him based on a "wanted check" showing he was wanted for human trafficking. *Id*. The Court explained that Braunreiter and Bracero were entitled to rely on information acquired through a "wanted check," and absent an allegation that the initial traffic stop was improper or that Braunreiter and Bracero knew the information acquired through the "wanted check" was false or fabricated, Mannery did not have a Fourth Amendment claim. *Id*.

The Court further concluded that Mannery did not identify any policy, custom, or practice imposed by the City of Milwaukee that violated his civil rights, so he failed to state a claim against

the City. *Id*. And the Court noted that, even if Mannery was able to state a claim, he still had to overcome the hurdles of *Heck* and Wisconsin's statute of limitations. *Id*. at 6-7.

On July 22, 2022, Mannery filed an amended complaint. Dkt. No. 11. The amended complaint, along with the attached exhibits, do not provide any new information that changes the analysis. The Court will therefore dismiss this case for failure to state a claim.

## ALLEGATIONS OF THE AMENDED COMPLAINT

Mannery realleges that Braunreiter and Bracero were patrolling an intersection in Milwaukee in a marked squad car on April 29, 2016. Dkt. No. 11 at 3; *see also* Dkt. No. 11-1 at 2. They ran the license plate of a silver car through the Department of Transportation (DOT) database and discovered that the license plate actually belonged to a red truck. Dkt. No. 11-1 at 2. Given this discrepancy, they conducted a traffic stop of the silver car. *Id*. The driver identified himself as John E. Mannery. *Id*. The officers then conducted a "wanted check" of Mannery and told Mannery that "they just received information that he had a 'temporary felony warrant' against him and that they were going to take him into custody." Dkt. No. 11 at 3. Mannery clarifies in the amended complaint that the "wanted check" occurred through a "phone-channeled-communication," not through his police database profile as the Court had assumed in the original screening order. *Id*. Mannery states that Braunreiter and Bracero did not tell him what crime they believed he committed on April 29, 2016; he states that he found out it was human trafficking the following day, on April 30, 2016, when jail staff told him. *Id*. at 3-4.

Mannery realleges that no "temporary felony warrant" for his arrest existed on April 29, 2016. *Id*. As evidence, he attaches a document entitled "Probable Cause Statement and Judicial Determination" completed by Detective Carolyn Tillman (not a defendant) on April 30, 2016 at 1:52 p.m. *See* Dkt. No. 11-1 at 6. Mannery explains that the document checks off a box labeled,

2

"the above-mentioned person was arrested without a warrant on April 29, 2016 at 5:32 p.m." Dkt. No. 11 at 4. He explains that the document "proves" there was no warrant for his arrest at the time of his arrest. *Id*. He states, "the officers did not witness the plaintiff committing a crime," so there was no probable cause to arrest him. *Id*. Mannery states that he has since attempted to acquire a copy of the purported "temporary felony warrant" to no avail. *Id*. at 3. Neither the Milwaukee County Clerk of Court nor the Milwaukee Police Department has a copy of the felony arrest warrant in their current files. Dkt. No. 11-1 at 8 & 10. Mannery states, "[t]here is no temporary felony warrant. It does not exist." Dkt. No. 11 at 3. For relief, he seeks monetary damages. *Id*. at 6.

### THE COURT'S ANALYSIS

To state a claim for unlawful arrest under §1983, Mannery must allege facts from which the Court can reasonably infer that he was arrested without probable cause. *Jones by Jones v. Webb,* 45 F.3d 178, 181 (7th Cir. 1995). An officer has probable cause to arrest if, at the time of the arrest, the facts and circumstances within the officer's knowledge are sufficient to permit a prudent person to believe that the suspect had committed, is committing, or is about to commit an offense. *See Rooni v. Biser*, 742 F.3d 737, 740 (7th Cir. 2014). Probable cause is an absolute defense to a §1983 claim for unlawful arrest. *Id.*; *see also Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017) ("Probable cause acts as an absolute bar to a claim for false arrest.").

Mannery first alleges that there was no probable cause to arrest him on April 29, 2016 because there was no temporary felony warrant for his arrest. He states that a warrant for his arrest "never" existed. He states that Braunreiter and Bracero "told" him there was a temporary felony warrant even though there was no warrant. Dkt. No. 11 at 5.

The Seventh Circuit has long held that it is constitutionally acceptable to arrest an individual without a warrant so long as there is a prompt judicial determination of probable cause

3

within 48 hours.  *County of Riverside v. McLaughlin,* 500 U.S. 44, 56–57 (1991); *Gerstein v. Pugh*, 420 U.S. 103, 125 (1975).  Here, Mannery has attached a copy of the Probable Cause Statement and Judicial Determination completed by Detective Tillman less than 24 hours after he was arrested without a warrant.  *See* Dkt. No. 11-1 at 6.  Mannery does not allege that the document lacked probable cause nor does he allege that it took more than 48 hours for the judge to review this document and find probable cause.  Mannery therefore does not have a Fourth Amendment claim based on the fact that he was arrested without a temporary felony warrant.

Next, Mannery alleges that there was no probable cause to arrest him on April 29, 2016 because Braunreiter and Bracero did not "witness" him committing a crime that day.  He appears to imply that Braunreiter and Bracero randomly pulled him over on April 29, 2016, took him into custody for no reason, then *later* fortuitously discovered that he was wanted for human trafficking.  But the documents Mannery attached to his amended complaint conclusively show that there was nothing improper about the chain of events that led to his arrest on April 29, 2016.  *See Reed v. Vasquez*, 748 F. App'x 62, 64 (7th Cir. 2019) (affirming dismissal of a *pro se* prisoner's complaint because "the documents attached to complaint reflect that he cannot state a claim...").

According to the documents, Braunreiter and Bracero were running license plates through the DOT database as a part of their normal patrolling duties on April 29, 2016.  *See* Dkt. No. 11-1 at 2.  Braunreiter and Bracero did not need probable cause (or even reasonable suspicion) to run plates through the database.  *See United States v. Miranda-Sotolongo*, 827 F.3d 663, 667–68 (7th Cir. 2016) ("A police officer's check of a vehicle registration in a database is not a Fourth Amendment search.")  Through the DOT database search, they discovered that the license plate they ran did not match the vehicle it was registered to, so they initiated a stop to investigate the traffic violation.  This too was constitutionally acceptable.  *See United States v. Ruffin*, No. 04-

4

CR-048-S, 2004 WL 1447815, at *1 & *3 (W.D. Wis. June 21, 2004) (noting that operating a vehicle with the wrong license plates may be a "minor traffic violation" but it is still an infraction sufficient to conduct a police stop); *see also* Wis. Stat. 341.61(2) (Wisconsin state law prohibiting the "[d]isplay[] upon a vehicle a registration plate…not issued for such vehicle…"). During the traffic stop, Braunreiter and Bracero asked for Mannery's name to conduct a "wanted check," which they were also entitled to do. *United States v. Chang*, 999 F.3d 1059, 1067 (7th Cir. 2021) ("After stopping a car for a traffic violation, an officer may take other actions that help to ensure roadway safety, including checking the validity of driver's licenses, determining whether there are outstanding warrants against the driver, and inspecting the vehicle's registration and proof of insurance.") Through that "wanted check," they received information that Mannery was wanted for human trafficking, a crime in Wisconsin. *See* Wis. Stat. §948.051. Braunreiter and Bracero therefore had reason to believe Mannery had committed a crime, and they arrested him at that point in time.

Contrary to Mannery's assertion, Braunreiter and Bracero did not need to "witness" him committing a crime to have probable cause to arrest him. They only needed *reason to believe* he had committed a crime, which they had based on information they received that he was wanted for human trafficking. Whether the officers acquired this information though a notation in his police database profile (as the Court had originally assumed) or through a "phone-channeled-communication" (as Mannery now clarifies) does not change the analysis. *See United States v. Parra*, 402 F.3d 752, 764 (7th Cir. 2005) (noting that the "collective knowledge doctrine" allows police officers working closely together to rely on information actually communicated to each other to coordinate investigations.); *see also United States v. Longmire*, 761 F.2d 411, 416 (7th Cir. 1985) (noting that officers may "act in reliance" on a radio bulletin to arrest someone without

5

a warrant). The fact that Braunreiter and Bracero "told" Mannery there was an arrest warrant when there was no warrant does not make a difference. They had probable to arrest him, so there was no constitutional violation. *See e.g. Posey v. Pruger*, 762 F. Supp. 2d 1086, 1092 (N.D. Ill. 2011) (concluding that Plaintiff failed to state a §1983 claim even when he alleged that police officers had "lied" during a traffic stop).

In sum, Mannery still has no claim against Braunreiter and Bracero because he again does not allege facts from which the Court can reasonably infer that the initial traffic stop that led to the "wanted check" was improper or that the officers knew the information they received through the "wanted check" was false or fabricated at the time they arrested him. Toward that end, the information they received from the "wanted check" was *not* false or fabricated—Mannery was in fact wanted for human trafficking on April 29, 2016. Both the police report and the probable cause statement that Mannery himself attached as evidence to his amended complaint show that the victim interview which served as the basis for his arrest was conducted on March 10, 2016, long before his arrest. *See* Dkt. No. 11-1 at 2 & 6. Mannery's assertion that Braunreiter and Bracero lacked probable cause to arrest him on April 29, 2016 amounts to nothing more than a conclusory allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mannery merely parrots the elements of a false arrest claim with no reasonable basis in fact.

Mannery also fails to allege facts showing that the City of Milwaukee had a custom or policy that violated his civil rights. *Waters v. City of Chicago*, 580 F.3d 575, 580 (7th Cir. 2009). Indeed, Mannery does not mention the City of Milwaukee at all in his amended complaint. The Court will therefore dismiss this case based on failure to state a claim.

## CONCLUSION

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

Dated at Milwaukee, Wisconsin on September 13, 2022.

> s/ *Brett H. Ludwig*
> BRETT H. LUDWIG
> United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.